(32 Misc. Rep. 406.)

## MOSES v. POND et al.

(Supreme Court, Special Term, St. Lawrence County. August, 1900.)

FORECLOSURE—FIRM PROPERTY—RIGHTS OF TRUSTEE IN BANKRUPTCY.
    The trustee in bankruptcy of a surviving partner is not entitled, as against judgment creditors of the latter suing on firm obligations, to a surplus arising from a foreclosure against firm property.

Action by Owen Moses against Charlotte C. Pond and others to foreclose a mortgage against firm property. Proceedings by motion to determine conflicting claims by the Farmers' National Bank of Malone and another, judgment creditors of Worcester Pond, as surviving partner, and George W. Ketcham, trustee in bankruptcy of the same defendant, to a surplus arising from the sale. Judgment in favor of the creditors.

John P. Kellas, for Ketcham, trustee.
Badger & Cantwell, for Farmers' Nat. Bank of Malone and the Bank of Chateaugay.

RUSSELL, J. The trustee in bankruptcy of the surviving partner and mortgagor, Worcester Pond, claims the whole of the surplus arising upon the foreclosure sale under the judgment in this action. The Farmers' Bank and the Bank of Chateaugay claim their judgments should be first paid. The action was begun upon a joint mortgage given by George K. Pond, now deceased, and Worcester Pond, upon real estate which was owned as partnership property by the two mortgagors. A judgment of foreclosure and sale was entered in Franklin county on the 16th of October, 1899, and the sale was had December 18, 1899, which resulted in a surplus of $2,648.65. Judgment in favor of the Farmers' National Bank against Worcester Pond, as surviving partner, was entered

and docketed on the 13th of October, 1899, for $506.19, and on the same day two judgments against such surviving partner were entered and docketed in favor of the Bank of Chateaugay, one for $214.47 and the other for $389.16. Each of these judgments was rendered upon a partnership obligation of George K. Pond and Worcester Pond. On the 5th day of October, 1899, this surviving partner, Worcester Pond, filed his individual and voluntary petition in bankruptcy, the petition not referring to any partnership business, debts, or assets. On the 11th day of November, 1899, George W. Ketcham was duly appointed trustee in bankruptcy of Worcester Pond. It is thus evident that Worcester Pond was insolvent for some period of time prior to October, 1899, but there is no proof that the firm as a firm was insolvent, or what was the state of the individual interests between the surviving partner and the estate of the deceased partner. All the claimants agree that Worcester Pond, upon the death, prior to the rendition of the judgments or the bankruptcy proceedings, of his partner George K. Pond, became vested with the legal title to the partnership property as the survivor to close up the partnership business, pay the debts, and distribute the assets. It is essential for the trustee to so claim; for otherwise he would apparently take only a moiety of the surplus, representing the share of the individual whom he represents. It is equally essential for the banks to so claim in order that their judgment may reach the entirety as a judgment against the sole surviving representative of the partnership, as those judgments were obtained after the filing of the petition in bankruptcy, and the title of the trustee relates back to such period. And the counsel for the banks can fairly argue that the judgment against the surviving partner is of binding force against the partnership property, if the counsel for the trustee stands upon the claim that this surviving partner was the sole legal representative of that partnership property. Assuming, therefore, the surplus arising to be partnership property, with the legal title vested in the surviving partner, the counsel for the trustee in bankruptcy widely differs from the counsel for the banks in the results which must follow upon the conceded state of facts.

The trustee claims the same right to himself to close the affairs of the partnership that Worcester Pond would have had if no proceeding in bankruptcy had been taken; that the power of possession and disposition of the partnership estate follows the legal title, and therefore the whole surplus should pass into the hands of the trustee in bankruptcy, to be disposed of by the rules and orders of the bankrupt court as it may judge proper; and that the state court has practically lost further power of disposition of the proceeds of a sale conducted under one of its own judgments, by the force of the bankruptcy proceedings of the surviving partner as a person or individual, and not as a representative of the partnership. The banks claim that, whatever legal title Worcester Pond may have had for the purpose of closing the partnership, that title did not devolve upon the trustee in bankruptcy, and that all he may take is whatsoever residuum comes from the closing up of

the partnership affairs as the rightful remaining interest of Worces-
ter Pond, whom he represents. I am inclined to agree with the
counsel for the banks in their position. It is well to look at the
substance of property interests to ascertain, in case of conflict, how
far a mere legal title ceases to affect the disposition of the prop-
erty where the reason for the force of that legal title has departed.
The relations of partners are those of mutual trust and confidence.
Each delegates to the other the right, in case of his own decease,
to close the partnership affairs, and, on account of necessity, to
hold the legal title enforceable against all others until, in case of
breach of trust towards the creditors of the partnership of the es-
tate of the deceased, equity may see fit to intervene. That power
may not be assigned to another for a valuable consideration by this
surviving partner. It is a matter of personal obligation or trust.
Nor can it be devolved upon a trustee created by him through the
forms of insolvency or bankruptcy proceedings, taken for his own
personal benefit, and so circumscribed by the limit of his own per-
sonal liability and interest. By his own act of bankruptcy he be-
comes an unsafe or irresponsible custodian, and such insolvency
would justify the appointment of a receiver by the state courts to
care for the partnership interests. Can it be doubted that courts
of equity, as between a receiver of this partnership property and a
trustee in bankruptcy of one of the individual members, would hold
that property to be administered for the co-partnership creditors,
rather than turn it over to the trustee of the individual member of
the firm? It would be highly unwise to carry the rule recognizing
the legal title of the surviving partner to the extent of passing into
the hands of the trustee in bankruptcy, who only takes the estate of
the petitioning bankrupt, the partnership property which virtually
belongs to the creditors of the whole firm, or to the estate of the
solvent partner. Such a result might pass into the hands of the
trustee of the individual partner, for the mere barren purpose of hold-
ing it to be turned over to the creditors of the firm, a fund which
would be so depleted by the expenses of the bankruptcy proceed-
ing, including fees, as to leave nothing for the firm creditors, or the
estate of the deceased partner, which might be entitled to it all.
There is no view of the scope of the bankrupt act which requires
the trustee to assume possession of the property of others, or of a
partnership, merely because the individual he represents has the
ultimate remainder in whatever is left after paying the debts of
the partnership, and, possibly, the superior interest of the deceased
partner. I cannot hold that the death of George K. Pond gave to
Worcester Pond the right to assign to his trustee in bankruptcy the
partnership property, which he would not have had had George K.
Pond survived.

It is unnecessary to refer at large to the authorities which con-
sider the right of a surviving partner and the character of the
title he holds. They may all be harmonized into the undoubted prin-
ciple that he takes the title as the only one left who can terminate
the affairs of a partnership which has been dissolved by death. It
is immaterial whether the surviving partner is called a trustee or

not. He certainly has no beneficial interest in the property except that which is left to him as his share after all the other rights are satisfied, and in discharging the duty as survivor he is bound by all the equitable rules which surround a trust relation, and the violation of which will justify withdrawing from him personally the power that he has. It has been held by our court of appeals that assignees in bankruptcy are not authorized to take the firm property. Wright v. Nostrand, 94 N. Y. 33, 50, 51. And no difficulty can arise, upon a proceeding for surplus moneys, in the ascertainment of the persons to whom justly those moneys belong. Bergen v. Carman, 79 N. Y. 146; Tator v. Adams, 20 Hun, 131; Wilkinson v. Paddock, 57 Hun, 191, 11 N. Y. Supp. 442; Averill v. Loucks, 6 Barb. 470. The order will therefore distribute to the Farmers' National Bank and the Bank of Chateaugay the amounts of their judgments, with interest, motion costs, and disbursements, and, as there seems to be no appearance for any other person, the direction of the referee in his report will be followed for the balance, as to which, I understand, there is no controversy.

Ordered accordingly.